IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA PETEREIT, Personal Representative of the Estate of DENNIS PETEREIT, Deceased, | ) ) ) ) | 4:07CV3162 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, and TRAVELERS INDEMNITY CO., | ) ) ) ) | |
| Defendants. | ) | |

The defendant Federal Insurance Company ("Federal") has filed a motion to dismiss this diversity action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The motion will be granted.

The plaintiff is attempting to enforce, as against a bankruptcy debtor's liability insurer, the unsatisfied portion of a personal injury claim that was compromised and allowed in bankruptcy without the insurer's participation. The claim that was allowed in bankruptcy, however, was *only for* an agreed-upon amount of *damages in excess of available insurance coverage*. That excess liability claim was settled without any admission of fault on the insured's part, and a personal injury action filed twelve years ago by the plaintiff's decedent against the insured remains pending in state court. The pertinent facts, as alleged by the plaintiff, are the following.[1]

---

[1] Documents attached to the plaintiff's complaint, which include filings in the bankruptcy proceeding, are considered along with the allegations in the complaint for purposes of deciding the motion to dismiss. *See Katun Corp. v. Clarke*, 484 F.3d 972, 975 (8th Cir. 2007) (considering attached documents and matters of public record).

## *Factual Background*

Effective June 1, 1991, Federal issued a commercial insurance policy to Tokheim Corporation of Fort Wayne, Indiana ("Tokheim'), that provided liability coverage of $2 million for bodily injury. The policy covered Tokheim and also its subsidiaries, including Gasboy International, Inc. ("Gasboy"). Federal is incorporated under the laws of the State of Indiana and has its principal place of business in a state other than the State of Nebraska.

On October 10, 1991, Dennis Petereit ("Petereit"), a Nebraska resident, was injured in an explosion that occurred in Omaha, Nebraska, while he was using an electric pump manufactured by Gasboy. As a result of the explosion, Petereit was burned over approximately 40% of his body; he was hospitalized for 30 days, followed by 14 months of physical therapy. He was temporarily totally disabled until at least March 25, 1993.[2]

On October 6, 1995, Petereit commenced an action against Gasboy in the District Court of Douglas County, Nebraska, seeking to recover damages he incurred as a result of the explosion. Gasboy gave Federal notice of the state court action, and Federal assumed the defense of Gasboy under its insurance policy. After Petereit died in an automobile accident in 2001, the personal representative of his estate was substituted as the plaintiff in the state court action. She is also the plaintiff here.

On November 21, 2002, Tokheim and its subsidiaries, including Gasboy, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United

---

[2] The other defendant in this action, Travelers Insurance Company, provided workers' compensation coverage to Petereit's employer and is a party to the action only because it claims a right of reimbursement for medical expenses and workers' compensation benefits that it paid to Petereit.

States Bankruptcy Court for the District of Delaware. On February 19, 2003, the plaintiff filed a motion for relief from the automatic stay under Section 362 of the Bankruptcy Code, followed on March 17, 2003, by the filing of an unsecured proof of claim against Gasboy in the amount of $1 million. On June 17, 2003, the bankruptcy court entered an order confirming the Tokheim bankruptcy plan; the plan became effective on August 6, 2003, and all assets of the debtor were delivered to the plan administrator for distribution under the plan.

On December 19, 2003, the bankruptcy court entered an order granting the plaintiff's stay relief motion. The order provided:

> That the automatic stay provision of 11 U.S.C. § 362 are modified to permit Dennis Petereit to proceed to trial (and any subsequent proceedings and appeals thereafter) or settlement in the District Court of Douglas County, Nebraska, Civil Case No. 943-222, and to liquidate his claims, and to recover any such judgment or settlement from available insurance proceeds or from third parties.
>
> Any part of the judgment not covered by insurance shall be an allowed unsecured claim.

On April 11, 2006, Federal's local counsel was advised by the plaintiff's counsel that a proposal had been received from the plan administrator to settle and allow Petereit's claim against Gasboy in the Tokheim Bankruptcy. Additional details were provided on April 20, 2006, and Federal was invited to participate in the settlement discussions. Thereafter, Federal's local counsel advised the plaintiff's counsel that Federal would not participate in discussions or negotiations with respect to the terms of the proposed settlement and allowance of Petereit's claim against Gasboy in the Tokheim Bankruptcy. The Federal policy provides that "bankruptcy or insolvency of the insured or the insurer's [sic] estate will not relieve us of any obligation under this insurance."

3

On May 30, 2006, the plan administrator filed a motion in the bankruptcy court, pursuant to Bankruptcy Rule 9019, seeking approval of a settlement with the plaintiff. Among other things, the motion stated:

> 13. Pursuant to the Stay Relief Order, the Petereit Estate "shall be allowed an unsecured claim" in the Debtors' estates (the "Petereit Claim") only to the extent a judgment is reached in the State Court Action and only to the extent any part of the judgment that [sic] is not covered by insurance.
>
> 14. As of the date of the filing of this Motion, the State Court Action remains pending and has not been settled or tried. Accordingly, the Petereit Claim remains a contingent and unliquidated claim against the Debtors' estates.
>
> . . .
>
> 18. Reorganized Tokheim and the Petereit Estate have reached a settlement regarding the Petereit Claim upon the terms set forth in the [attached] Stipulation. Generally, the Stipulation provides for the following:
>
> > a. The Petereit Claim shall be settled and resolved by reducing [the claim] from $1,000,000 to $866,006.33 and allowed as a general unsecured claim;
> >
> > b. Other than the distribution, pursuant to the terms of the Plan, to be made on [the claim] in its reduced and allowed amount, the Petereit Estate shall not be entitled to any other additional distribution from Reorganized Tokheim; and,
> >
> > c. The Parties agree that the sole purpose of the Stipulation is to resolve and settle the Petereit Claim. Nothing in the Stipulation is intended by the Parties to change or affect the Petereit Estate's right to proceed to trial or settle the State Court Action and to recover any judgment or

4

settlement therefrom from available insurance proceeds or from third parties.

. . .

22. As stated above, the State Court Action was commenced in 1995. The State Court Action had been pending approximately six years without proceeding to trial when Petereit passed away unexpectedly in 2001. The State Court Action was still pending and not scheduled for trial when the Debtors filed their petitions commencing these cases in November, 2002. The Petereit Estate sought relief form [sic] the automatic stay in February, 2003 and the Stay Relief Order was entered in December, 2003. As of the date of the filing of this Motion, the State Court Action has been pending for over ten years, and yet no trial date has been set. Moreover, upon information and belief, the Petereit Estate has not yet completed discovery.

23. The Petereit Claim is contingent and unliquidated. The Petereit Claim is the <u>only</u> claim in these estates that remain [sic] unresolved. The Plan Administrator is unable to make distributions to the general unsecured creditors until the status of the Petereit Claim is determined.

24. Since the State Court Action has already been pending for over ten years, it is conceivable that it may take several more years before this matter is finally tried, if ever. Accordingly, to wait for the Petereit Claim to be liquidated via the State Court Action is clearly causing undue delay in the administration of these cases and is holding up distribution to the general unsecured body.

25. Reorganized Tokheim believes that a settlement of the Petereit Claim is in the best interest of the Debtors' estates. The terms of the Stipulation represent the Parties' good faith resolution of the contingent and unliquidated nature of the Petereit Claim. The settlement of the Petereit Claim

> would allow the general unsecured creditors of these estates to finally receive the distribution due them under the Plan after waiting for nearly four years, and allow the Plan Administrator to close these cases. At the same time, the Petereit Estate may continue to pursue the State Court Action so that it may have "its day in court" to pursue available insurance proceeds.

The signed settlement agreement ("Stipulation") that was attached to the plan administrator's motion likewise recited that "[p]ursuant to the Stay Relief Order, the Petereit Estate 'shall be allowed an unsecured claim' in the Debtors' estates (the 'Petereit Claim') only to the extent a judgment is reached in the State Court Action and only to the extent any part of the judgment that [sic] is not covered by insurance." The actual terms of the settlement were these:

> A. The Parties agree that the sole purpose of this Stipulation is to resolve and settle the Petereit Claim. Nothing in this Stipulation is intended by the Parties to change or affect the Petereit Estate's right to proceed to trial or settle the State Court Action and to recover any judgment or settlement therefrom from available insurance proceeds or from third parties.
>
> B. The Petereit Claim is hereby liquidated and allowed by reducing [the claim] from $1,000,000.00 to $866,006.33 and allowed as a general unsecured claim.
>
> C. Other than as provided in Paragraph B hereinabove, the Petereit Estate shall not be entitled to any further distribution from Reorganized Tokheim on account of any settlement, judgment, or other disposition of the State Court Action.
>
> D. It is hereby expressly agreed and understood that nothing in this Stipulation shall constitute any admission or acknowledgment of liability by any of the Parties.

On June 22, 2006, the bankruptcy court entered an order approving the plan administrator's motion. On July 28, 2006, the plan administrator paid the plaintiff $140,014.07 on her unsecured claim of $866,006.33. There are no additional funds available in the bankruptcy and there will be no further payment on this claim from the bankruptcy estate.

On August 17, 2006, the plan administrator filed a motion with the bankruptcy court for entry of a final decree closing the Chapter 11 bankruptcy case. The court granted the motion and closed the bankruptcy case on September 19, 2006.

## *Discussion*

The plaintiff claims that Federal owes the Petereit Estate $725,992.26 plus interest from June 22, 2006, the date that the "Petereit Claim" was approved by the bankruptcy court. She also seeks to recover statutory attorney fees under Neb. Rev. Stat. § 44-359 (applicable to actions brought upon insurance policies). The plaintiff's claim is without merit.

No matter what law is applied, the pleadings conclusively show that the settlement agreement and related documents between the bankruptcy plan administrator and the plaintiff did not put an end to the state court action. Nor did it impose liability on the insurance company directly or indirectly. To the contrary, the agreement expressly provided that it was not intended to affect "the Petereit Estate's right to proceed to trial or settle the State Court Action and to recover any judgment or settlement therefrom from available insurance proceeds or from third parties." Consistent with this understanding, the compromised "Petereit Claim" was defined to include *only* that portion of a prospective state court judgment that would *not be covered by insurance*. The plaintiff can still have her "day in court" to pursue available insurance proceeds by prosecuting the state court action against Gasboy. More fundamentally, the agreement did not impose liability on any party to pay any amount except for the bankrupt's narrow obligation to pay a negotiated sum to

extinguish its contingent liability to "personally" pay a judgment in the event the insurance was insufficient to cover an award. Had the parties, or the bankruptcy court, intended something different, they could have and should have clearly expressed themselves.

Simply put, the words of the relevant documents doom the plaintiff's federal complaint. That is true no matter what law is applied. Therefore,

IT IS ORDERED that the defendants' motion to dismiss (filing 10) is granted. Final judgment will be entered by separate document.

November 7, 2007.	BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge